IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
01/29/2016

|  |  |
|---|---|
| IN RE | ) |
| ANNE ELIZABETH COPELAND, | ) CASE NO. 15-35125-H3-13 |
| Debtor, | ) |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion for Relief from the Stay Regarding Exempt Property" (Docket No. 21) filed by Commercial Airport Holdings, LLC. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the instant motion as moot. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Anne Elizabeth Copeland ("Debtor") filed the voluntary petition under Chapter 13 of the Bankruptcy Code in the instant case on October 1, 2015.

Prior to the filing of the instant case, Debtor was the debtor in Case No. 14-37086-H3-13. Debtor filed the Chapter 13 petition in Case No. 14-37086-H3-13 on December 31, 2014. Case No. 14-37086-H3-13 was dismissed, by order entered on January 16,

2015, for failure of Debtor to file a mailing matrix.  (Docket No. 10, Case No. 14-37086-H3-13).

In the instant motion, Commercial Airport Holdings, LLC seeks relief from stay, in order to exercise its rights with respect to a condominium located at 14655 Champion Forest Dr., Unit 1803, Houston, Texas 77069.  The instant motion was filed on December 14, 2015.

Debtor opposes the instant motion.  On January 24, 2016, one day before the evidentiary hearing on the instant motion, Debtor filed the complaint in Adversary No. 16-3013.  In that adversary proceeding, Debtor generally asserts causes of action for wrongful foreclosure, violations of the Truth in Lending Act, breach of fiduciary duty, fraud, conversion, conspiracy, and violation of Texas home equity laws.[1]

Conclusions of Law

Section 362(c)(3) of the Bankruptcy Code provides in pertinent part:

> (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--

---

[1] The court makes no finding at this time as to the merits of Adv. No. 16-3013, or the sufficiency of pleadings in that adversary proceeding.

>> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed.

11 U.S.C. § 362(c)(3).

The instant case was filed by an individual Debtor. Case No. 14-37086-H3-13 was pending within the preceding one year period, but was dismissed. No party in interest filed a motion seeking continuation of the automatic stay. The court concludes that the automatic stay terminated on the 30th day after the date of filing of the petition in the instant case.

The instant motion was filed more than 30 days after the date of filing of the petition in the instant case. Thus, there was no stay in effect. The court concludes that the instant motion is moot.

Based on the foregoing, a separate Judgment will be entered denying as moot the "Motion for Relief from the Stay Regarding Exempt Property" (Docket No. 21) filed by Commercial

Airport Holdings, LLC.

Signed at Houston, Texas on January 29, 2016.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE