IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
09/01/2016

|  |  |
|---|---|
| IN RE | ) |
| ANNE ELIZABETH COPELAND, | ) CASE NO. 15-35125-H3-7 |
| Debtor, | ) |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Trustee's Motion to Dismiss" (Docket No. 67). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered dismissing the above captioned Chapter 7 case with prejudice to the filing of another case under Title 11 within 180 days. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Anne Elizabeth Copeland ("Debtor") filed the Chapter 13 petition in Case No. 14-37086-H3-13 on December 31, 2014.

Debtor is an attorney licensed to practice law in Texas. Debtor represented herself in Case No. 14-37086-H3-13.

Case No. 14-37086-H3-13 was dismissed, by order entered on January 16, 2015, for failure of Debtor to file a mailing matrix. (Docket No. 10, Case No. 14-37086-H3-13).

Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the instant case on October 1, 2015. Debtor initially was represented by Reese Baker in the instant case.

On December 14, 2015, Commercial Airport Holdings, LLC filed a motion for relief from stay, with respect to real property located at 14655 Champion Forest Dr., Unit 1803, Houston, Texas.  (Docket No. 21).

On January 24, 2016, one day before an evidentiary hearing on the motion for relief from stay, Debtor filed Adversary No. 16-3013, generally asserting causes of action for wrongful foreclosure, violations of the Truth in Lending Act, breach of fiduciary duty, fraud, conversion, conspiracy, and violation of Texas home equity laws.

This court entered a Memorandum Opinion and a Judgment on January 29, 2016, denying as moot the motion for relief from stay, in light of the termination of stay by operation of statute 30 days after commencement of the instant case.  (Docket Nos. 41, 42).

On April 26, 2016, this court conducted a status conference in Adversary No. 16-3013.  At the status conference, Baker orally moved to withdraw, in light of Debtor's stated desire to take over her own case.  Baker's oral motion to

withdraw was granted.[1]

On May 24, 2016, Debtor, through counsel William Britton Hall, filed a notice of conversion of the instant case to Chapter 7. (Docket No. 57). Hall has not entered an appearance in this case, or moved to become substituted as Debtor's counsel of record. Allison D. Byman is the Chapter 7 Trustee.

Debtor did not file either supplemental schedules itemizing changes from the original schedules in property of the estate and in creditor lists, or a statement that there were no changes, within 14 days after filing of the notice of conversion.

The court entered a notice of the meeting of creditors for July 7, 2016. Debtor failed to appear at the meeting of creditors on July 7, 2016.

The meeting of creditors was rescheduled for July 21, 2016. Hall stated that the meeting was rescheduled at his request, because he had not had an opportunity to confer with Debtor regarding conversion schedules.

Debtor filed amended schedules A/B, C, D, and E/F on July 20, 2016. (Docket Nos. 63, 64, 65, 66). Hall stated at the hearing on the instant motion that the amended schedules are not

---

[1]The court notes that, because the minutes of the April 26, 2016 hearing were docketed in Adversary No. 16-3013, Baker still appears as counsel of record on the docket sheet in the instant Chapter 7 case.

accurate.

Debtor failed to appear for the meeting of creditors on July 21, 2016.  Debtor testified at the hearing on the instant motion that she did not appear at the meeting of creditors on July 21, 2016, because she had requested that Hall drive her to the meeting, and she and Hall did not meet one another.

Debtor testified that she has been receiving $5,000 per month from her former husband since the commencement of the instant case.  She testified that, notwithstanding that she received such funds, she recently moved into an apartment, and was unable to assist in the preparation of her conversion schedules.

Debtor testified that she has not provided a copy of her 2014 tax return to the Trustee.

### Conclusions of Law

Section 707(a) of the Bankruptcy Code provides:

> The court may dismiss a case only after notice and a hearing, and only for cause, including-
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
> (2) nonpayment of any fees or charges required under chapter 123 of title 28; and
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

11 U.S.C. § 707(a).

Section 707(a) does not provide an exhaustive list of factors to be considered in determining whether good cause exists to dismiss a bankruptcy petition. The court must balance the equities and weigh the benefits and prejudices of a dismissal. <u>Matter of Atlas Supply Corp.</u>, 857 F.2d 1061 (5th Cir.1988).

Failing to cooperate with the Trustee, provide accurate information to the Trustee, and file accurate schedules constitutes cause for dismissal.  <u>In re Luu</u>, 2009 WL 1519104 (Bankr. S.D. Tex. 2009).

Bankruptcy Local Rule 1019-1 provides:

> Within 14 days after entry of an order converting a case from one chapter to another, the debtor must file: (1) supplemental schedules itemizing changes from the original schedules in property of the estate and in creditor lists, or (2) a statement that there are no changes.

Bankruptcy Local Rule 1019-1.

Section 109(g)(1) of the Bankruptcy Code provides:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if -
>
>> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.

11 U.S.C. § 109(g)(1).

Failure to file complete and accurate schedules is a willful failure to appear in proper prosecution of the case sufficient to dismiss with prejudice.  <u>In re Nassar</u>, 216 B.R. 606

5

(Bankr. S.D. Tex. 1998).

The instant case, Debtor's second case filed within one year, has been pending for nearly eleven months. Debtor, who is an attorney, has elected at times to proceed with counsel, and at times to proceed without counsel. At the hearing on the instant motion, Debtor stated she wanted Hall to represent her. Debtor has failed to timely file supplemental schedules, despite having ample opportunity to do so, and has failed to file accurate supplemental schedules. Debtor has failed to appear for two meetings of creditors. The court concludes that the instant case should be dismissed for cause, with prejudice to the filing of another case under Title 11 within 180 days, in light of the Debtor's willful failure to appear before the court in proper prosecution of the case.

Based on the foregoing, a separate Judgment will be entered dismissing the above captioned Chapter 7 case with prejudice to the filing of another case under Title 11 within 180 days of its entry.

Signed at Houston, Texas on September 1, 2016.

*[signature]*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE